MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

LLOYD FARNHAM (CABN 202231)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6973
    Facsimile: (415) 436-7027
    lloyd.farnham@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ABDULKARIM HASSAN ABDI ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:15-CR-0301 WHA <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

      Plaintiff, United States of America, by and through MELINDA HAAG, United States Attorney for the Northern District of California, and Lloyd Farnham, Assistant United States Attorney for the Northern District of California, and the defendant, Abdulkarim Hassan Abdi, through his undersigned attorney, hereby stipulate and agree as follows:

      WHEREAS the defendant is charged in a three-count Indictment charging violations of Title 18, United States Code, section 1015(a) (false statement under oath in a naturalization proceeding), section 1001(a) (false statements), and section 1546(a) (fraud and misuse of visas, permits, and other documents). The United States intends to produce to the defense files and records related to this case maintained by Immigration and Customs Enforcement. These files and records relate to the defendant

and an individual whose name and identifying information that the defendant is accused of using to obtain immigration benefits (identified as "F. A. Abdi" in the Indictment).  Nearly all of the documents in these immigration files and records include personal information, information regarding immigration status, information regarding asylum applications, personally identifiable information, and other personal information regarding the defendant, F.A. Abdi, and others including family members of both men.  Regulations and policies of Immigration and Customs Enforcement limit the disclosure of documents related to asylum applications, in part to protect applicants from reprisals against applicants or family members.

WHEREAS in order to protect the privacy of the people involved in this case, including the defendant, a potential victim, and others, and to prevent the further dissemination of documents containing personally identifiable information and other private or confidential information, the United States seeks to limit the disclosure and use of the documents in a manner that would diminish the privacy concerns and eliminate the need to heavily redact documents.

WHEREAS to allow the defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the United States and defendants agree that disclosure of the documents contained in the immigration files, and related files maintained by Immigration and Customs Enforcement is subject to the following restrictions:

IT IS HEREBY STIPULATED AND AGREED:

1. The provisions of this Protective Order apply to documents marked as "Subject to Protective Order."  This designation will be made either on each page of a document or on electronic media containing multiple documents.  For any such documents, the defendant agrees that the provisions of this Protective Order apply until an attorney for the United States agrees in writing that the media and documents may be disclosed, or the Court enters an Order to that effect.

2. The following individuals (the "defense team") may access and review such documents for the sole purpose of preparing the defense and for no other purpose:

    a. Counsel for defendant;

    b. The defendant;

    c. Persons employed by defense counsel assisting with the preparation of the defense;

     d.     Any expert retained on behalf of the defendant to assist in the defense of this matter;

     e.     Any investigator retained on behalf of defendant to assist in the defense of this matter.

3. For any documents or media designated by the United States as "Subject to Protective Order" the defense team may make additional copies of the documents or media but may not distribute them outside the defense team for purposes other than preparing a defense, may not make the documents public, and may not otherwise further disseminate. After any judgment or disposition has become final and there are no pending proceedings, challenges, or appeals in the case, upon a request from the attorney for the United States, the defense team shall destroy the documents and media, delete any electronic copies, or return the documents.

4. This Order applies to all attorneys associated with the above case who have knowledge of this Order regardless of the nature of their involvement in the case. This Order shall be binding on all subsequent attorneys who represent the defendant in this case or any other person who comes into possession of the personnel files and related documents disclosed pursuant to this Order.

5. Any disputes concerning this Stipulation and Interim Protective Order shall be resolved by this Court only after counsel for the United States and defendant have first conferred and attempted to resolve the dispute. The Court will retain jurisdiction over disputes arising from this protective order for only 90 days after termination of the action.

MELINDA HAAG
United States Attorney

DATED: July 8, 2015

     /s/
LLOYD FARNHAM
Assistant United States Attorney

DATED: July 8, 2015

     /s/
JODI LINKER
Attorney for Defendant

IT IS SO ORDERED.

DATED: July 13, 2015.

HON. WILLIAM ALSUP
United States District Court Judge

[PROPOSED] PROTECTIVE ORDER
Case No. 3:15-CR-0301 WHA     3